## ALESE v. MARKOWITZ.

(Supreme Court, Appellate Division, Second Department. April 11, 1913.)

EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—FALSE STATEMENT—CONTEMPT.

Where a judgment debtor, in supplementary proceedings, testified that he owned no real estate, proof that, subsequent to giving his testimony, he conveyed certain parcels of property situated in New Jersey, the record title to which was in him when he gave his testimony, did not show that he testified falsely; it being also shown that at the time he testified he had no interest in the property, and that the deed was executed as an accommodation to the person to whom the property had been sold and conveyed before the order in supplementary proceedings was issued.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

Appeal from Special Term, Kings County.

Proceedings supplementary to execution by Laurence Alese against Benjamin Markowitz. From a judgment declaring defendant guilty of contempt in having testified falsely in such proceedings, he appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

William Wills, of Brooklyn, for appellant.

Edward T. Curran, of Brooklyn, for respondent.

RICH, J. This appeal is from an order adjudging the appellant guilty of contempt in having testified falsely in proceedings supplementary to execution. Appellant had testified upon his examination that he was the owner of no real property, and it was made to appear to the learned court at Special Term that subsequent to the time of giving his testimony he conveyed certain parcels of property situate in the state of New Jersey, the record title to which was in him when he gave his testimony. It was also made to appear, however, by a preponderance of the evidence, that when the appellant gave his testimony in supplementary proceedings he had no interest whatever in the property, and that the deed was executed as an accommodation to the person to whom the property had been sold and conveyed before the order in supplementary proceedings was issued. It follows that the order must be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, without costs. All concur.